IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| HERITAGE PROPERTY & CASUALTY INS. CO., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIV. ACT. NO. 3:20-cv-539-ECM (WO) |
| ELLA HOLMES and BETTY RANDOLPH, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION and ORDER

### I.  INTRODUCTION

Now pending before the Court are the Defendants' Motions to Dismiss (docs. 8 and 10).

Plaintiff Heritage Property & Casualty Insurance Company ("Heritage Property") filed this

declaratory judgment action seeking a declaration that it is under no obligation to pay benefits

on the homeowner's insurance policy issued to Defendant Ella Holmes ("Holmes").   The

Defendants moved to dismiss the complaint on the grounds that this Court does not have personal

jurisdiction over them because they were not properly served with process, and the complaint

fails to state a cause of action.   Based on a review of the record, the applicable law, and for the

reasons stated, the Defendants' Motions to Dismiss are due to be DENIED.

### II.  JURISDICTION

The citizenship of the parties is completely diverse and the amount in controversy exceeds

$75,000, exclusive of interest and costs. (Doc. 1).   Therefore, the Court has subject matter

jurisdiction over this dispute pursuant to 28 U.S.C. § 1332.

### III.  FACTS[1]

Heritage Property issued a homeowner's insurance policy to Holmes insuring a residence in Tuskegee, Alabama.  Defendant Betty Randolph ("Randolph") holds the mortgage on the property.  On January 1, 2020, the residence was totally destroyed by fire.

Holmes submitted a claim in the amount of $1,341,250.  Randolph claimed the balance on mortgage was $718,000.  According to Heritage, Randolph represented in a Chapter 13 bankruptcy petition that the house was valued at $495,240, while Holmes testified under oath that the sale price of the house was $495,000.

Heritage conducted an investigation and concluded that Holmes acted with others to cause the fire that destroyed the home.  Heritage Property also determined Holmes and Randolph made misrepresentations regarding the fire, ownership of the home, and the value of personal property lost in the fire.  Finally, Heritage Property determined that Randolph failed to cooperate with the investigation because she refused to appear at an examination under oath or submit a sworn statement of proof of loss as required by the insurance policy.

Heritage Property filed this declaratory judgment action on July 29, 2020.

### IV.  LEGAL STANDARD

A motion to dismiss pursuant to Rule (b)(4) and (5) tests the sufficiency of service of process.

> To challenge the form of the summons, the defendant should file a motion to dismiss for insufficient process grounds under Fed.R.Civ.P. 12(b)(4). 5B Wright & Miller, *Federal Practice & Procedure 3d* § 1353 (2004 & Supp.2009). To challenge the

---

[1] This recitation of the facts is based upon the Plaintiff's complaint, which is presumed to be true for the purposes of the motions to dismiss.

> method of service attempted by the plaintiff, the defendant should file a motion to dismiss for insufficient service under Fed.R.Civ.P. 12(b)(5). *Id.* The distinction between the two insufficiencies is often blurred, and it is appropriate to present and analyze service issues under both rules. *See* 5A Wright & Miller, *Federal Practice and Procedure: Civil* § 1353, at 277 (2d ed. 1990).

*Carthen v. Baptist S. Med. Ctr.*, 2011 WL 855279, at *2, *report and recommendation adopted,* 2011 WL 855271 (M.D. Ala. 2011). Pursuant to Rule 12(b)(1), the Court does not obtain personal jurisdiction over a defendant who has not been properly served with process. *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Inv.*, 553 F.3d 1351, 1360 (11th Cir. 2008) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served."). Furthermore, "[w]hen a defendant contests the sufficiency of service, the plaintiff bears the burden of proving proper service." *James v. City of Huntsville, Ala.*, 2015 WL 3397054, *4 (N.D. Ala. 2015); *Davis v. Country Cas. Ins. Co.*, 2013 WL 3874709, 3 (N.D. Ala. 2013).

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U. S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U. S. 544, 570 (2007)).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663 (alteration in original) (citation omitted). The plausibility standard requires

"more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U. S. at 678. Conclusory allegations that are merely "conceivable" and fail to rise "above the speculative level" are insufficient to meet the plausibility standard. *Twombly*, 550 U. S. at 555, 570. This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. Indeed, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

## V.  DISCUSSION

### A.     Holmes' Motion to Dismiss based on insufficient service

Holmes moves to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(1), (2), (4), and (5), on the basis that she has not been properly served, and, thus, this Court lacks jurisdiction over her.  (Doc. 10).  Holmes asserts that the address listed on the summons did not match the address listed on the proof of service as her residence or usual place of abode.  However, she fails to make any argument that the fact that an inaccurate address appeared on the summons resulted in inadequate service or any other prejudice to her.  To the extent that the basis of her motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(4) is an error in the summons, Holmes has failed to demonstrate that she suffered any prejudice due to the defect.  *See Sanderford v. Prudential Ins. Co. of Am.*, 902 F.2d 897, 901 (11th Cir. 1990).  Thus, her motion pursuant to Rule 12(b)(4) is due to be denied.

The Court turns to Holmes' motion pursuant to Fed. R. Civ. P. 12(b)(5).  On September 14, 2020, the proof of service was returned indicating that a private process server, Tony Mann,

"left the summons at the individual's residence or usual place of abode with [M.H.],[2] son, at 291 East Veteran's Blvd., Auburn AL 36832, a person of suitable age and discretion who resides there." (Doc. 7 at 2). A copy of the summons and complaint was also mailed to Holmes' last known address. (*Id*.)

An individual may be served by "leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(A). Holmes argues that service was insufficient because she was not served "(1) personally, (2) at her dwelling or usual place of abode with someone of suitable age or discretion who resides there, (3) with an agent authorized to receive service of process." (Doc. 10 at 3-4). Rule 4(e)(2) does not require that Holmes is served by all three methods. It is sufficient that she is served at her "usual place of abode with someone of a suitable age and discretion." Fed. R. Civ. 4(e)(2)(B).

In support of her motion to dismiss, Holmes submitted an affidavit from her son, M.H., indicating that a package was left with him for his mother at the residence listed on the proof of service. (Doc. 10-1). Holmes offers no reason why her 15-year-old son is not of suitable age and discretion within the meaning of Rule 4(e) to receive the summons and complaint. *See G.W. Palmer & Co., Inc. v. Fla. Fresh Produce Corp*., 2018 WL 3860125 (M.D. Fla. 2018) (service at usual abode with someone who was fifteen (15) or older was proper service); *De George v. Mandata Poultry Co*., 196 F. Supp. 192, 193-94 (E.D. Pa. 1961) (sixteen-year-old girl qualified to receive service of process). Notably, M.H. offers sworn testimony in this action by affidavit

---

[2] Pursuant to the E-Government Act of 2002, as amended on August 2, 2002, and M.D. Ala. General Order No. 2:04-mc-3228, the Court refers to the minor child only by his initials.

without any suggestion that he is not competent to do so.   In addition, neither Holmes nor her son dispute that the address where M.H. received service was Holmes' "dwelling or usual place of abode." *See* Fed. R. Civ. P. 4(e)(2)(B). Thus, the Court concludes that service on Holmes through her son satisfies Rule 4(e)(2)(B), and Holmes' motion to dismiss on this basis is due to be denied.[3]

## B.    Randolph's Motion to Dismiss based on insufficient service

Randolph moves to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(1), (2), (4), and (5), on the basis that she has not been properly served, and, thus, this Court lacks jurisdiction over her.  (Doc. 8). Randolph argues that service was insufficient because she was not served "(1) personally, (2) at her dwelling or usual place of abode with someone of suitable age or discretion who resides there, (3) with an agent authorized to receive service of process."  (Doc. 8 at 3-4).  As with Holmes, Rule 4(e)(2) does not require that Randolph is served by all three methods.  It is sufficient that she is served at her "usual place of abode with someone of a suitable age and discretion."  Fed. R. Civ. 4(e)(2)(B).

On September 14, 2020, the proof of service was returned indicating that a private process server, Tony Mann, "left the summons at the individual's residence or usual place of abode with Samuel Brown, spouse, a person of suitable age and discretion who resides there." (Doc. 6 at 2). The address listed on the summons was the address Randolph provided to Heritage Property in a recorded statement.  (Doc. 14-1 at 2 and 4).  In support of her motion to dismiss, Randolph

---

[3] Even if the Court concluded that service was improper, dismissal on this ground would not be warranted in this case.  "[W]hen service of process on a defendant is lacking, a district court has broad discretion either to dismiss the defendant or quash the defective service and afford the plaintiff an opportunity to effect valid service." *James v. City of Huntsville, Ala.*, 2015 WL 3397054, at *5 (N.D. Ala. 2015).  There is no evidence before the Court that Holmes cannot be served.  Consequently, the Court could simply require the Plaintiff to serve Holmes again.

relies on an affidavit from Samuel Brown indicating that a package was left with him for Randolph even though Brown told the process server that Randolph did not live at the residence and he was not Randolph's spouse. (Doc. 10-1).   The fact that Brown is not Randolph's spouse is immaterial for the purpose of Rule 4(e)(2)(B).   Randolph makes no argument that Brown is not of suitable age and discretion within the meaning of Rule 4(e) to receive the summons and complaint.   In addition, in her recorded statement to Heritage Property, Randolph provided the address listed on the proof of service and definitively stated that she lived at that address when she was in Montgomery.   Consequently, the Court concludes that Randolph was properly served at her "dwelling or usual place of abode" in accordance with Fed. R. Civ. P. 4(e)(2)(B), and her motion to dismiss on this basis is due to be denied.

### C.      Motion to Dismiss based on Fed. R. Civ. P. 12(b)(1) and (6)

Both Defendants argue that they are entitled to dismissal because "the matter is nonjusticiable" under Rule 12(b)(1).   According to the Plaintiffs, because Heritage Property had "already determined that it was not going to pay" the claims under the insurance policy, the Plaintiff could not use the Declaratory Judgment Act to "adjudicate past conduct" or obtain an advisory opinion.   (Doc. 8 at 6; Doc. 10 at 6).

Under the Declaratory Judgment Act, a federal court "may declare the rights and other legal relations of any interested  party seeking such declaration."   28 U.S.C. § 2201(a).   "[I]t allow[s] parties to precipitate suits that otherwise might need to wait for the declaratory relief defendant to bring a coercive action." *Fastcase, Inc. v. Lawriter, LLC*, 907 F.3d 1335, 1340 (11th Cir. 2018) (quoting *Household Bank v. JFS Group,* 320 F.3d 1249, 1253 (11th Cir. 2003) (internal quotations omitted)).   While the Defendants acknowledge that the Court has discretion

to hear this case, they offer no cogent reason why the Court should not exercise that discretion.[4] Pursuant to the Declaratory Judgment Act, this case is properly before the Court.

Beyond the conclusory assertion that the complaint fails to state a claim for which relief can be granted, (doc. 8 at 7 and 10 at 6-7), the Defendants offer no argument or analysis in support of their motion to dismiss on this basis.  The burden is on the parties to formulate arguments and present law in support of their position.  *See Road Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp.*, 10 F.3d 1563, 1568 (11th Cir. 1994).  The Defendants fail to do this, and their motions to dismiss on this basis are due to be denied.

## VI.  CONCLUSION

Accordingly, for the reasons as stated, and for good cause, it is

ORDERED that Defendant Holmes and Randolph's Motions to Dismiss (docs. 8 and 10) are DENIED.

Done this the 3rd day of March, 2021.

_____/s/ Emily C. Marks_____
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE

---

[4]  The Defendants' allegation that Heritage Property "brought this declaratory judgment as a tactical device and has participated in procedural fencing" is conclusory and does not affect the Court's analysis of the motions.