IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HERITAGE PROPERTY & CASUALTY INS. CO., ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | CIV. ACT. NO. 3:20-cv-539-ECM (WO) |
| ELLA HOLMES and BETTY RANDOLPH, ) ) ) ) | |
| Defendants. ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is the Defendants' motion to reconsider (doc. 18) filed on March 10, 2021. For the reasons that follow, the Court concludes that the motion is due to be denied.

On March 3, 2021, the Court entered a Memorandum Opinion and Order denying the Defendants' motions to dismiss (doc. 17). As the Court explained, service of Defendant Holmes "through her son satisfies Rule 4(e)(2)(B)" and service on Randolph was proper at "her 'dwelling or usual place of abode' in accordance with Fed. R. Civ. P. 4(e)(2)(B)." (*Id*. at 6-7).

In their motion to reconsider, the Defendants do not specify under which rule they are proceeding but assert that the Court committed "clear error or manifest injustice" when it denied their motions to dismiss, which suggests that they are relying on Fed. R. Civ. P. 59(e). (Doc. 18 at 1). The Court notes that the Defendants' motion for reconsideration is not aimed at a final judgment, but rather the denial of their motions to dismiss.

1

Consequently, the Court is not convinced that Rule 59 is an appropriate vehicle under which to travel. Nonetheless, the Court concludes that the motion for reconsideration is due to be denied.

"[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Scharff v. Wyeth*, 2012 Wl 3149248 at *1 (M.D. Ala. 2012).

> "Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Instituto de Prevision Militar v. Lehman Bros., Inc.*, 485 F. Supp. 2d 1340, 1342 (S.D. Fla. 2007) (quoting *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993) (internal quotation marks omitted)); *see also Smith v. Ocwen Financial*, 488 F. App'x 426, 428 (11th Cir. 2012) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) ("The only grounds for granting a motion for reconsideration are newly-discovered evidence or manifest errors of law or fact.")). Newly raised arguments that should have been raised in the first instance are not appropriate on a motion for reconsideration. *See Gougler v. Sirius Prods., Inc.*, 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005).

*United States v. Roseman*, 2021 WL 2457997, at *1 (S.D. Fla. May 25, 2021), *report and recommendation adopted,* No. 19-20178-CR, 2021 WL 2453143 (S.D. Fla. June 16, 2021).

Moreover, a party cannot use a motion for reconsideration "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008). A motion to reconsider is considered an "extraordinary remedy" and should not be a "knee-jerk reaction to an adverse ruling." *Rueter v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 440 F. Supp. 2d 1256, 1267–68 (N.D. Ala. 2006). "To prevail on a motion to reconsider, the moving party must demonstrate why the court should reverse its prior decision by setting forth facts

or law of a strongly convincing nature." *Pin-Pon Corp. v. Landmark Am. Ins. Co.*, 500 F. Supp. 3d 1336, 1342 (S.D. Fla. 2020).

The Defendants do not argue that there is an intervening change in the law, or that they have newly discovered evidence regarding service, nor do they offer any new evidence. Rather, the Defendants disagree with the Court's determination that service was effectuated. Their arguments largely mirror those made in their motions to dismiss which the Court addressed in its memorandum opinion denying the motions. A motion for reconsideration is not the mechanism by which the parties may relitigate matters the Court has already addressed. *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). The Court reviewed the evidence before it and concluded that service had been effectuated on both defendants. The Court concludes that the Defendants' motion for reconsideration is merely a rehashing of arguments already addressed by the Court.

To the extent that the Defendants raise the new argument that the Court should "not exercise jurisdiction over this matter because there is a pending parallel case" pending in state court, this argument was raised for the first time in the motion for reconsideration. Moreover, the parallel action was filed after this litigation was commenced in this Court. Consequently, the argument is unavailing and does not warrant reconsideration.

Accordingly, for these reasons and for good cause, it is

ORDERED that the Defendants' motion for reconsideration (doc. 18) is DENIED.

Done this 17th day of November, 2021.

    /s/   Emily C. Marks
    EMILY C. MARKS
    CHIEF UNITED STATES DISTRICT JUDGE