IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| HERITAGE PROPERTY & CASUALTY INSURANCE CO., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACT. NO. 3:20-cv-539-ECM ) [WO] |
| ELLA HOLMES and BETTY RANDOLPH, | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM OPINION and ORDER**

### **I. INTRODUCTION**

Plaintiff Heritage Property & Casualty Insurance Company ("Heritage") brought this declaratory judgment action seeking declarations that it owes no coverage to Defendants Ella Holmes and Betty Randolph (collectively, "Defendants") under the applicable insurance policy.  Now pending before the Court is the Defendants' motion to dismiss or in the alternative motion to stay (doc. 33) filed on December 7, 2021; Elliott & Associates, Inc. and Alexander Rainey's (collectively, the "Agency Defendants") renewed motion to intervene (doc. 38) filed on May 4, 2022; Heritage's motion for entry of initial scheduling order (doc. 40) filed on May 9, 2022; and the Defendants' motion to strike (doc. 46) filed on May 25, 2022.  For the reasons that follow, the Defendants' motion to dismiss or in the alternative motion to stay is due to be granted to the extent that this case is due to be dismissed without prejudice; and the Agency Defendants' motion to intervene,

Heritage's motion for entry of a scheduling order, and the Defendants' motion to strike are due to be denied as moot.

## II. JURISDICTION

The citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs. (Doc. 1). Therefore, the Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332. Personal jurisdiction and venue are uncontested.

## III. BACKGROUND

In October 2019, Heritage issued a homeowner's insurance policy to Holmes, an Alabama citizen, insuring a residence in Tuskegee, Alabama. Randolph, also an Alabama citizen, holds the mortgage on the residence. On January 1, 2020, a fire totally destroyed the residence and its contents.

Holmes submitted a claim to Heritage in the amount of $1,341,250. Additionally, Randolph asserted that the balance on the mortgage was $718,000. According to Heritage, Randolph represented in a Chapter 13 bankruptcy petition that the home was valued at $495,240, while Holmes testified under oath that the sale price of the home was $495,000.

Heritage investigated and concluded that Holmes acted with others to cause the fire that destroyed the home. Heritage also determined Holmes and Randolph made misrepresentations regarding the fire, ownership of the home, and the value of personal property lost in the fire. Finally, Heritage determined that Randolph failed to cooperate with the investigation because she refused to appear at an examination under oath or submit a sworn statement of proof of loss as required by the insurance policy.

Heritage filed its Complaint for Declaratory Judgment on July 29, 2020. (Doc. 1). In its complaint, Heritage requests a declaratory judgment that no coverage is owed for the fire because Holmes acted with others to cause the fire; because the Defendants misrepresented facts; and because Randolph failed to cooperate with Heritage's investigation. On September 25, 2020 and October 5, 2020, respectively, Randolph and Holmes filed motions to dismiss this action for lack of subject matter jurisdiction, lack of personal jurisdiction, insufficient process, insufficient service of process, and failure to state a claim. (Docs. 8 & 10).

On October 16, 2020, the Defendants filed suit in the Circuit Court of Macon County, Alabama, Case No. CV2020-900145.00, against Heritage; Elliott & Associates, Inc. ("Elliott"); Alexander Rainey; and three fictious defendants (hereinafter the "state court action"). According to the complaint in the state court action (*see* doc. 33-1), Elliott and its employee, Rainey, procured the homeowner's insurance policy for Holmes. Both Elliott and Rainey are citizens of Alabama. (*Id.* at 2–3, paras. 4–5).[1] Holmes brings claims in the state court action against Heritage for breach of contract, bad faith, negligence, and fraudulent suppression regarding Heritage's handling of and failure to pay the claim for the fire; against Elliott and Rainey for negligent/wanton procurement of the insurance policy; against Heritage, Elliott, and Rainey for breach of contract and fraudulent suppression; and against Elliott for negligently/wantonly hiring, training, monitoring, and supervising

---

[1] A corporation is a citizen of the states in which it is incorporated and in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). According to the complaint in the state court action, Elliott has its principal place of business in Alabama. (Doc. 31-1 at 1–2, para. 4).

Rainey.  Additionally, Randolph brings claims against Heritage for breach of contract, negligence/wantonness, and tortious interference with a business relationship.  On December 7, 2020, Heritage filed an answer to the state court complaint asserting the following affirmative defenses: (1) Holmes and Randolph caused the fire; (2) Holmes and Randolph made material misrepresentations to Heritage during the investigation of the fire; and (3) Randolph failed to cooperate with Heritage during the investigation. (Doc. 33-2).

On December 8, 2020, Heritage removed the state court action to the United States District Court for the Middle District of Alabama where it was assigned to the Honorable R. Austin Huffaker. *See Holmes et al. v. Heritage Property & Casualty Insurance Co. et al.*, 3:20-cv-1003-RAH.  Heritage's Notice of Removal invoked the Court's diversity jurisdiction and argued that the Court should disregard Elliott's and Rainey's citizenship because, according to Heritage, Elliott and Rainey were fraudulently joined. (Doc. 1 in *Holmes*, 3:20-cv-1003-RAH).  On December 30, 2020, Holmes and Randolph filed a motion to remand Judge Huffaker's case to Macon County Circuit Court, arguing that Elliott and Rainey were not fraudulently joined and thus diversity jurisdiction was lacking. (Doc. 12 in *Holmes*, 3:20-cv-1003-RAH).

On March 3, 2021, this Court denied Holmes and Randolph's motion to dismiss the declaratory judgment action. (Doc. 17).  On March 10, 2021, Holmes and Randolph filed a motion to reconsider. (Doc. 18).  On May 3, 2021, Elliott and Rainey filed a motion to intervene and a motion to consolidate this case with the case pending before Judge Huffaker. (Doc. 19).  On November 17, 2021, this Court denied Holmes and Randolph's motion to reconsider. (Doc. 31).

On November 30, 2021, Judge Huffaker entered a memorandum opinion and order granting Holmes and Randolph's motion to remand and remanding the case to Macon County Circuit Court. (Doc. 31 in *Holmes*, 3:20-cv-1003-RAH).  Judge Huffaker ultimately concluded Heritage failed to show that Elliott and Rainey had been fraudulently joined to the state court action and thus the Court lacked subject matter jurisdiction over the case.

On December 1, 2021, this Court denied as moot Elliott and Rainey's motion to consolidate in light of Judge Huffaker's remand order. (Doc. 32).  This Court also denied without prejudice Elliott and Rainey's motion to intervene because it was "premised on the motion to consolidate." (*Id.*).

On December 7, 2021, Holmes and Randolph filed a motion to dismiss or in the alternative to stay. (Doc. 33).  Citing the *Wilton/Brillhart*[2] abstention doctrine, they argue that the Court should dismiss or stay this action because there is another lawsuit pending in Macon County Circuit Court involving the same issues and the same parties.

On May 4, 2022, the Agency Defendants filed a renewed motion to intervene in this case. (Doc. 38).  They seek to intervene as defendants pursuant to Federal Rule of Civil Procedure 24 and argue that they are entitled to intervene as of right or permissively. Moreover, they argue that intervention would not destroy diversity jurisdiction and the Court could properly exercise supplemental jurisdiction over the Defendants' claims against them pursuant to 28 U.S.C. § 1367(a).

---

[2] *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995); *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942).

5

## IV.  DISCUSSION

The Defendants request that the Court dismiss or stay this action under the *Wilton/Brillhart* abstention doctrine because there is another lawsuit pending in state court involving the same issues and the same parties.  Heritage counters that abstention is not warranted under *Wilton/Brillhart*.  Heritage also opposes dismissal or a stay on the grounds that Alabama Code § 6-5-440 prohibits the simultaneous prosecution of two actions against the same parties on the same issues, and the Defendants' claims in the state court action should have been pleaded in this case because they are compulsory counterclaims under Federal Rule of Civil Procedure 13(a).

"[D]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton*, 515 U.S. at 282; *see also Brillhart*, 316 U.S. at 494 ("Although the District Court had jurisdiction of the suit under the Federal Declaratory Judgments Act, it was under no compulsion to exercise that jurisdiction."). The United States Supreme Court has explained that "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart*, 316 U.S. at 495.  Thus, "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288.

"When district courts decide whether to proceed with declaratory judgment actions that raise issues also disputed in state court proceedings, they are called to balance conflicting interests—to foster efficient dispute resolution while still preserving the States' interests in resolving issues of state law in their own courts." *James River Ins. Co. v. Rich Bon Corp.*, --- F.4th ----, 2022 WL 1616872, at *2 (11th Cir. May 23, 2022). Guided by the "general principles expressed by the Supreme Court" and "considerations of federalism, efficiency, and comity," the Eleventh Circuit has articulated a list of nine factors for district courts to consider "in balancing state and federal interests":

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
> (2) whether the judgment in the federal declaratory action would settle the controversy;
> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
> (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case otherwise not removable;
> (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
> (6) whether there is an alternative remedy that is better or more effective;
> (7) whether the underlying factual issues are important to an informed resolution of the case;
> (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
> (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1331 (11th Cir. 2005) (per curiam) (citation omitted). This list "is neither absolute nor is any one factor controlling."

*Id.* The factors are "merely guideposts in furtherance of the Supreme Court's admonitions in *Brillhart* and *Wilton*." *Id.*

In *Ameritas*, the plaintiff insurer filed a declaratory judgment action in federal court against the insured, and the insured subsequently filed a state court action against the insurer, the insurance agent, and the agent's employer. *Id.* at 1329–30. The insured brought claims in the state court action for breach of contract and negligent supervision and hiring against the insurer; and claims for negligence against the agent and the agent's employer. *Id.* at 1330. The insured moved the federal district court to dismiss the declaratory judgment action in favor of the state court action. *Id.* The district court concluded that the state court action was "the more appropriate forum in which to hear the complete controversy" and granted the motion to dismiss. *Id.*

The Eleventh Circuit affirmed, finding no abuse of discretion. *Id.* at 1229. As the Eleventh Circuit summarized, the district court relied upon several factors in determining that it should abstain in favor of the state court action. *Id.* at 1331. "First, the district court found that while it had before it only an incomplete set of parties and claims, the state court action encompassed the complete controversy." *Id.* Neither the plaintiff insurer nor the district court could compel the insured to litigate her third-party claims in the federal action, which was the only way the district court could "mirror the state court action." *Id.* Second, the district court was concerned about its ability to properly exercise supplemental jurisdiction over the non-diverse third-party litigants if the insured sought to join them in the federal action. *Id.* On this point, the Eleventh Circuit opined that there was "no need for a federal district court to reach out for expanded jurisdiction even were it permissible"

8

because the state court action "include[d] all parties to the dispute, which is controlled by state law." *Id.* at 1331 n.5. "Finally, the district court concluded that to allow the declaratory action to proceed would amount to the unnecessary and inappropriate '[g]ratuitous interference' with the more encompassing and currently pending state court action that was contemplated by the Supreme Court in *Brillhart* and *Wilton*," with which the Eleventh Circuit agreed. *Id.* at 1332 (alteration in original).

Here, on balance, the principles underlying *Brillhart* and *Wilton* as well as the *Ameritas* factors weigh in favor of abstention from this action in favor of the pending state action. The state has a strong interest in having the issues raised in this federal declaratory judgment action decided in the state courts: the federal action concerns an insurance policy procured in Alabama and which would be governed by Alabama substantive law, and the insured and the other named Defendant are Alabama citizens. Thus, the first *Ameritas* factor weighs in favor of abstention. Additionally, and relatedly, federal law does not dictate a resolution of the federal declaratory judgment action; rather, there is a close nexus between the underlying factual and legal issues and Alabama state law. Thus, the ninth *Ameritas* factor also weighs in favor of abstention.

Additionally, a judgment in the federal action would not settle the controversy; instead, it would amount to piecemeal litigation. The Court has before it "only an incomplete set of parties and claims," whereas the "state court action encompasse[s] the complete controversy." *See id.* at 1331. Even if the Court allowed the Agency Defendants to intervene, neither the Court nor Heritage can force the Defendants to bring their claims against the Agency Defendants in this Court, which is the only way the Court could "mirror

9

the state court action." *See id.* Moreover, assuming without deciding that the Court could exercise supplemental jurisdiction over the Defendants' claims against the Agency Defendants if they were asserted in the federal case, "[t]here is no need for a federal district court to reach out for expanded jurisdiction" because "the state court action includes all the parties to the dispute, which is controlled by state law." *See id.* at 1331 n.5. In sum, "it would be uneconomical as well as vexatious" for this Court to hear the declaratory judgment action "where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *See Brillhart*, 316 U.S. at 495. Thus, the second *Ameritas* factor weighs in favor of abstention.

Finally, allowing this declaratory judgment action to proceed "would amount to the unnecessary and inappropriate '[g]ratuitous interference' with the more encompassing and currently pending state court action that was contemplated by the Supreme Court in *Brillhart* and *Wilton*." *See Ameritas*, 411 F.3d at 1332 (alteration in original). Principles of federalism, efficiency, and comity all militate in favor of abstention here. *See id.* at 1331.

The Court now turns to Heritage's arguments regarding Alabama Code § 6-5-440. Section 6-5-440 provides:

> No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense to the latter if commenced at different times.

The Alabama Supreme Court has clarified that the statutory phrase "the courts of this state" includes federal courts in Alabama. *Ex parte Nautilus Ins. Co.*, 260 So. 3d 823, 827 (Ala. 2018). "Additionally, a compulsory counterclaim is considered an 'action' for purposes of

10

...

§ 6-5-440." *Id.* And "if [the Defendants'] claims against [Heritage] in the state action are compulsory counterclaims in the federal action, then [the Defendants] [are] . . . 'plaintiff[s]' in the federal action for purposes of § 6-5-440 and, as such, [are] precluded under that statute from asserting those claims in a later-filed . . . state action." *See id.* at 828.

First, Alabama Code § 6-5-440 does not bind this Court. "Federal law—not state law—governs procedure in this case." *Owners Ins. Co. v. Black*, 2021 WL 2555286, at *5 (N.D. Ala. June 22, 2021) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)).[3] Section 6-5-440 "creates a procedural bar, so it does not affect this [C]ourt's decision on abstention." *Id.*; *see also Am. Cas. Co. of Reading v. Skilstaf, Inc.*, 695 F. Supp. 2d 1256, 1260 (M.D. Ala. 2010) (holding that, "for a district court sitting in diversity," § 6-5-440 should play no role in the decision whether "to retain or dispose of" the litigation (citation omitted)).[4] Additionally, while the Defendants' state law claims "could be compulsory counterclaims in this matter, the [C]ourt need only make such a determination *after* deciding whether to exercise its discretion to hear the federal declaratory judgment action in the first place." *See Wesco Ins. Co. v. S. Mgmt. Servs., Inc.*, 2017 WL 1354873, at *2 (N.D. Ala. Apr. 13, 2017) (emphasis in original).[5]

Even if § 6-5-440 bound this Court, the Defendants have not violated its plain language. The statute allows them to elect which action they wish to prosecute. Based on their submissions to this Court, the Defendants have elected the state court action which

---

[3] While the Court acknowledges that *Black* is nonbinding, the Court finds its analysis persuasive.

[4] While the Court acknowledges that *Skilstaf* is nonbinding, the Court finds its analysis persuasive.

[5] While the Court acknowledges that *Wesco* is nonbinding, the Court finds its analysis persuasive.

11

features all parties and all issues. *See Black*, 2021 WL 2555286, at *5 (reaching a similar conclusion). And the Alabama Supreme Court has held that "when a federal court abstains from hearing a case . . . , that case is not considered as an action being prosecuted" for purposes of § 6-5-440. *Ex parte Norfolk S. R.R. Co.*, 992 So. 2d 1286, 1291 (Ala. 2008). Thus, the Court finds Heritage's arguments unavailing.

The Court is disappointed in how this case has been litigated. In particular, the Defendants could have raised their abstention argument much earlier. They filed their state court action in October 2020. After this Court denied the Defendants' first motion to dismiss in March 2021, the Defendants elected to file a motion to reconsider in which they argued only in passing that the Court should dismiss this case in favor of the pending state court action. It was not until December 2021 that the Defendants raised and comprehensively briefed *Wilton/Brillhart* abstention. Nonetheless, the Court concludes that under the totality of the circumstances, considerations of federalism, efficiency, and comity all counsel in favor of abstention here.

## V. CONCLUSION

For the reasons stated, and for good cause, it is

ORDERED as follows:

1. The Defendants' motion to dismiss or in the alternative motion to stay (doc. 33) is GRANTED to the extent that this case is DISMISSED without prejudice and DENIED in all other respects;

2. The Agency Defendants' motion to intervene (doc. 38), Heritage's motion for entry of scheduling order (doc. 40), and the Defendants' motion to strike (doc. 46)[6] are DENIED as moot.

A separate Final Judgment will enter.

Done this 1st day of June, 2022.

        /s/Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE

---

[6] The Defendants seek to strike Heritage's response (doc. 44) to the Court's May 25, 2022 show cause order (doc. 43) because the response is not signed by an attorney as required by Rule 11.  The Court did not rely upon Heritage's response in the course of its decision, nor would Heritage's response, if relied upon, change the Court's decision.  Accordingly, the Defendants' motion to strike is due to be denied as moot.